N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VICTOR E. LAWRENCE                                                                       PLAINTIFF

vs.                                       Civil No. 2:11-cv-02122

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Victor E. Lawrence ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his current disability applications on September 12, 2008.[2] (Tr. 11, 133-140). Plaintiff describes his impairments as follows:

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

[2] The transcript indicates Plaintiff previously filed applications for disability benefits on October 15, 2005. (Tr. 125-136). These applications are not before this Court, but it appears they were denied.

> Mygraines, Pains in lower bac and upper chest. Dizziness, bad dreamz, depression, wuna tell people off cuz Im havin bad dai. Hear voicez n mi head tellin 2 do krazy thangz sometyme me I mite say r do something if u look at me wrong!

(Tr. 242). Plaintiff alleges an onset date of January 1, 2008. (Tr. 11). These applications were denied initially and again on reconsideration. (Tr. 63-66).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 36-62, 85-86). An administrative hearing was held on November 10, 2009 in Fort Smith, Arkansas. (Tr. 36-62). At the administrative hearing, Plaintiff was present and was represented by Fred Caddell. *Id.* Plaintiff, Plaintiff's grandmother, and Vocational Expert ("VE") David O'Neal testified at this hearing. *Id.* On the date of this hearing, Plaintiff was twenty-nine (29) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.963(c) (SSI). (Tr. 39). Plaintiff also had at least a high school education and was able to communicate in English. (Tr. 19, Finding 8).

On June 22, 2010, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 11-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2009. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2008, his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: migraine headaches and a mood disorder. (Tr. 13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 15-19, Finding 5). First, the ALJ evaluated Plaintiff's

subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can perform work in which interpersonal contact is incidental to the work performed, complexity of tasks is learned by rote, with few variables and little judgment required, supervision required is simple, direct and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff would be unable to perform any of his PRW. (Tr. 19, Finding 6). The ALJ also evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 20, Finding 10). The VE responded to written interrogatories regarding this issue. (Tr. 276-279). Specifically, the VE stated that with Plaintiff's limitations, a hypothetical person would be able to work as an auto detailer with 380,000 such jobs in the nation and 1,800 such jobs in Arkansas; hand packer with 266,000 such jobs in the nation and 1,500 such jobs in Arkansas; and kitchen helper with 370,00 such jobs in the nation and 3,000 such jobs in Arkansas. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2008 through the date of his decision or through June 22, 2010. (Tr. 20, Finding 11).

On July 8, 2010, Plaintiff requested the Appeals Council's review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On July 6, 2011, the Appeals Council declined to review this disability determination. *Id.* On July 6, 2011, Plaintiff filed the present appeal. ECF No. 1. The

Parties consented to the jurisdiction of this Court on July 27, 2011.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 11-12.  This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her

disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises one argument for reversal: the ALJ erred in evaluating his RFC. ECF No. 11 at 12-17. Specifically, he claims the ALJ failed to "properly embrace all of the psychiatric health problems as well as the limitations with headaches." *Id.* Because the ALJ erred by failing to fully evaluate his Global Assessment of Functioning ("GAF") scores of 50 and below, this Court finds Plaintiff's case must be reversed and remanded.

In social security cases, it is important for an ALJ to evaluate a claimant's GAF score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores range from

0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff was examined by three different medical professionals as a part of three different consultative examinations. These examinations constitute the bulk of the medical records that can be used for evaluating Plaintiff's mental impairment in this case. (Tr. 297-305, 345-353, 370-381). Of these three, the earliest examination was performed on October 22, 2008 by Dr. Denise LaGrand, Psy.D. (Tr. 297-305). During this examination, Plaintiff was assessed as having

a GAF score of 50. Such a score indicates Plaintiff suffers from "serious" symptoms. Plaintiff was also examined on February 10, 2009 by Kathleen M. Kralik, Ph.D. (Tr. 346-353). As a part of this examination, Plaintiff was assessed as having a GAF score of 55-65. (Tr. 352). This was the highest GAF score Plaintiff was found to have. However, during his most recent examination on April 20, 2010, Plaintiff was examined by Dr. Patricia J. Walz, Ph.D. as a part of a neuropsychological evaluation. (Tr. 375-381). Dr. Walz found Plaintiff's GAF score was 35-40. As noted above, such a low GAF score indicates a "a major impairment."

These GAF scores of 50 and below are also consistent with Plaintiff's testimony regarding his alleged mental impairments. During the administrative hearing in this matter, Plaintiff and his grandmother testified about his problems with stress, anger, and rage and how these problems impact his ability to work. (Tr. 45-52).

In his opinion, even though the ALJ addressed these scores, the ALJ did not provide a reason for discounting these low GAF scores. (Tr. 11-21). In light of the Eighth Circuit's opinions in *Conklin* and *Pates-Fires* is especially troubling that the ALJ did not address the lowest GAF score from Plaintiff's appointment with Dr. Walz. (Tr. 375-381). As noted above, a GAF score of 50 and below indicates a severe mental impairment. In this case, there are two scores below 50, and one of those scores is significantly below 50. Because the ALJ was required to evaluate and provide a reason for discounting these low GAF scores but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

### 4.    **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded. A judgment incorporating these findings will be entered

pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of June 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE